349 P.2d 620

Vada J. Tomlinson ACOTT et al., Plaintiffs and Respondents,

v.

UNION CARBIDE NUCLEAR COMPANY, Defendant and Third-Party Plaintiff,

Leslie A. Tomlinson, Individually and as Administrator of Estate of A. L. Tomlinson, Deceased, Third-Party Defendant and Appellant.

No. 9115.

Supreme Court of Utah.

Feb. 29, 1960.

This case is a sequel to Acott v. Tomlinson[1] decided by us April 6, 1959. It has to do with demand upon Union Carbide, lessee of the subject mining claims, for royalties due plaintiffs in accordance with their interests as established by this court and by a Sheriff's deed issued to them as an adjunct to the former case. The attorney for Tomlinson, defendant in the former, and Third Party Defendant-Appellant here, wrote Union Carbide warning it that payment made to plaintiffs would be made at its risk, claiming Tomlinson was entitled to royalties, as at least a part owner of the claims. Union Carbide sought and obtained an order making Tomlinson a Third Party Defendant here. The latter filed an answer and counterclaim, claiming royalties, based on the alleged grounds that the execution sale in the former case was void because 1) the price paid by plaintiffs at the sale was inadequate, and 2) plaintiffs, as kinfolk, were fiduciaries and trustees of the interest sold at execution sale, Tomlinson being a beneficiary of the trust.

Besides praying for judgment against Union Carbide for the royalties, Tomlinson asked that the Sheriff's sale, made as a result of the judgment in the former case, be declared void. This prayer is based on counterclaim allegations that Union Car-

———◆———

Fred H. Evans, Salt Lake City, for appellant.

Stephens, Brayton & Lowe, Thomas C. Cuthbert, Salt Lake City, for respondents.

HENRIOD, Justice.

1. 9 Utah 2d 71, 337 P.2d 720.

142

bide, as lessee, had a duty to protect Tomlinson's interests against the wrongful acts of persons, including plaintiffs, and that it knew or should have known that the execution sale was wrongful. This contention is somewhat novel in view of the fact that Tomlinson was a defendant in the former case, but did nothing himself to assert any personal interest in the property or to attack the sale directly, except as the prayer in the counterclaim attempts to do so,—in an action based purely on a claim for money due, having nothing to do with testing title to real property,—Tomlinson having been forced into this case involuntarily at the insistence of Union Carbide.

 Tomlinson's counterclaim is an attempted collateral attack on the title and is not adjudicable here, and we so hold. Whether the summary judgment went to claims between plaintiffs and defendant only or to the whole case, including the counterclaim is of little import, since it should have included the counterclaim, and we assume that the trial court meant it to be all-inclusive.

The judgment is affirmed, with costs to respondents.

CROCKETT, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.